UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LLOYD T. ELDER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00221-JRS-MJD |
| ) | |
| KOLHOUSE, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Lloyd Elder brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendant Sergeant Kolhouse failed to protect him from assault by other inmates at the Knox County Jail and put him on an oatmeal and lettuce diet. Sergeant Kolhouse has raised the affirmative defense that Mr. Elder failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). For the following reasons Sergeant Kolhouse's motion for summary judgment is **granted**.

**I. Procedural Background**

Mr. Elder filed his complaint in this case on April 7, 2020. Dkt. 1. The Court severed misjoined claims and screened the complaint on May 27, 2020, allowing Mr. Elder's claims against Sergeant Kolhouse to proceed. Dkt. 10, 11.

Sergeant Kolhouse answered and raised the affirmative defense that Mr. Elder failed to exhaust his available administrative remedies on July 24, 2020, dkt. 29, and filed a motion for summary judgment in support of the exhaustion defense on September 8, 2020. Dkt. 32. Along with the motion for summary judgment, Sergeant Kolhouse provided Mr. Elder with the required

Notice, informing him of his responsibilities in responding to the motion for summary judgment. Dkt. 34.

Before Sergeant Kolhouse filed his motion for summary judgment, Mr. Elder filed a motion for *Pavey* hearing stating that he requested to speak to officers through tablets, kiosks, and grievances. Dkt. 31. The motion for *Pavey* hearing was denied and Mr. Elder was instructed to file a response to the motion for summary judgment if he believed there were genuine issues of material fact on the exhaustion defense. Dkt. 36. Mr. Elder also filed several motions regarding discovery, Dkt. 25, 39, 40. The Court granted Mr. Elder's motions for discovery to the extent that he sought discovery regarding the exhaustion defense and gave him through February 12, 2021, to respond to the motion for summary judgment. Dkt. 46. On January 21, 2021, Mr. Elder requested that the Court deny the motion for summary judgment as premature. Dkt. 50. The Court denied that request and gave Mr. Elder further time to respond to the motion for summary judgment. Dkt. 54. That time has passed, and Mr. Elder has not responded.

## II. Summary Judgment Standard

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court

views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

While Mr. Elder filed several motions and submitted exhibits, Mr. Elder failed to respond to the summary judgment motion with a Statement of Material Facts in Dispute as required by Local Rule 56-1(b), and as he was notified in the Notice of Summary Judgment Motion. Dkt. 34. Further, the Local Rule makes clear that "The court has no duty to search or consider any part of the record not specifically cited." S.D. Ind. Local Rule 56-1(h). The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). That is the case here. The Southern District of Indiana's Local Rule 56-1 shall be enforced. *See also McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

### III. Facts

The Knox County Jail rules and guidelines indicate that grievances are filed via handheld devices and kiosks. Dkt. 33-1. Alternatively, inmates may file grievances by using a hard copy grievance form. *Id.*

The inmate grievance process is described as follows:

1. Combined Public Communications provides handheld devices and kiosks for inmate communication. The offender is given an option to place a "request" or a "grievance." The communication will go to an appropriate email and provide a time stamp of the date the communication was sent.

2. The Sergeant of the shift or his designee will check and respond to requests and grievances on a regular basis throughout the shift. The person checking the communications will evaluate and pass the information as needed. If the Sergeant checking the communication is involved, they are to immediately notify the next step up in the chain of command.

3. If the grievance or request cannot be satisfied it will be forwarded to the Jail Commander for review. All communication addressed to the Jail Commander will be forwarded as such.

4. The process will be done in a timely manner.

*Id.*

Alternatively, according to alternate methods available for the grievance process:

1. An inmate can request a hard copy grievance form from any Sergeant.

2. The form will be filled out by the inmate, to include all fields such as signature.

3. As soon as the inmate completes the form it is to be given to a jail Sergeant who is to record the date and time of collection and sign the form.

*Id.* During his time at the Knox County Jail, Mr. Elder filed many requests and grievances. Dkt. 33-2. He did not submit any grievances stating that Sergeant Kolhouse failed to protect him from being assaulted or any grievance relating to his diet of lettuce and oatmeal. *Id.*

4

## IV. Discussion

Sergeant Kolhouse seeks summary judgment arguing that that Mr. Elder failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA.

### A. PLRA Requirements

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

### B. Discussion

Sergeant Kolhouse has presented evidence that Mr. Elder did not submit grievances regarding his claim that Sergeant Kolhouse failed to protect him from assault or any grievances on his claim that he was given a lettuce and oatmeal diet for two weeks. By failing to respond to the motion for summary judgment, Mr. Elder has failed to rebut these facts. Accordingly, Sergeant Kolhouse is entitled to summary judgment on the claims in this case.

## V. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [32], is **granted**. Judgment dismissing this action without prejudice shall now issue. *Ford*, 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

**IT IS SO ORDERED.**

Date: 5/12/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LLOYD T. ELDER, SR.
24 S. State Street
Sullivan, IN 47882

All Electronically Registered Counsel